E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8957
    E-mail:   matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>          v.<br><br>YAN SUI,<br><br>      Defendant. | No. 2:24-cr-00498-JAK<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO OBTAIN GRAND JURY TRANSCRIPTS<br><br>Hearing Date: September 26, 2024<br>Hearing Time: 10:30 a.m.<br>Location:    Courtroom of the<br>               Hon. John A.<br>               Kronstadt |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matt Coe-Odess, hereby files its opposition to Defendant's Motion to Obtain Grand Jury Transcripts (Dkt. 13).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 19, 2024        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


        /s/
MATT COE-ODESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3    Defendant moves to compel the government to produce grand jury

4    transcripts pertaining to the indictment, which charges defendant

5    with three counts of criminal contempt in violation of 18 U.S.C. §

6    401(3).  Defendant summarily alleges that the grand jury would not

7    have indicted him for criminal contempt "had [the] government

8    honestly presented the relevant facts to the grand jury."  (Motion at

9    2.)  However, access to grand jury records "may not be ordered unless

10    the defendant demonstrates with particularity the existence of a

11    compelling need that is sufficient to outweigh the policy of grand

12    jury secrecy."  <u>United States v. DeTar</u>, 832 F.2d 1110, 1113 (9th Cir.

13    1987).  Defendant fails to make the requisite showing, and

14    defendant's motion should be denied.

15    **II.    DISCUSSION**

16        **A.    Defendant Shows No Particularized Compelling Need that**
17            **Outweighs the Policy of Grand Jury Secrecy**

18        It is well established that "[t]he secrecy of grand jury

19    proceedings is an integral part of our criminal justice system."

20    <u>United States v. Nix</u>, 21 F.3d 347, 351 (9th Cir. 1994) (quotations

21    omitted); <u>see also</u> <u>United States v. Smith</u>, 2008 U.S. Dist. LEXIS

22    33994, at *3 (C.D. Cal. Apr. 21, 2008) ("Grand jury proceedings are

23    presumptively secret.");  <u>see generally</u> Fed. R. Crim. P. 6(e).  Access

24    to grand jury records "may not be ordered unless the defendant

25    demonstrates with particularity the existence of a compelling need

26    that is sufficient to outweigh the policy of grand jury secrecy."

27    <u>United States v. DeTar</u>, 832 F.2d 1110, 1113 (9th Cir. 1987). Even

28    then, "when disclosure is permitted, it is to be done discretely and

limitedly."  <u>Dennis v. United States</u>, 384 U.S. 855, 868 (1966)
(quotations omitted).

Here, defendant seeks disclosure of the grand jury testimony in
this case because he concludes he should not have been indicted and
claims "it remain[s] an open question whether the government
presented the complete fact[s] to the grand jury."  (Motion at 2.)
But "unsubstantiated, speculative assertions of improprieties in the
proceedings do not supply the particular need required to outweigh
the policy of grand jury secrecy."  <u>United States v. Ferreboeuf</u>, 632
F.2d 832, 835 (9th Cir. 1980) (quotations omitted).  Defendant's
motion relies only on his own insistence that the 2011 bankruptcy
proceeding that preceded his alleged criminal contempt was improper
and resulted in "theft under California law."  (Motion at 2.)
Defendant points to nothing concrete that demonstrates any misconduct
before the grand jury, nor can he make the circular argument that he
needs the grand jury transcripts to make such a claim.  See <u>United
States v. Bennett</u>, 702 F.2d 833, 836 (9th Cir. 1983) ("The
defendant's assertion that he has no way of knowing whether
prosecutorial misconduct occurred does not constitute a
particularized need outweighing the need for grand jury secrecy.");
<u>DeTar</u>, 832 F.2d at 1113 ("It is not sufficient for DeTar to assert
that he has no way of knowing whether prosecutorial misconduct
occurred.").

Accordingly, defendant's "unsubstantiated, speculative
assertions of improprieties" are insufficient to mandate disclosure
of the grand jury transcripts in this case.  See <u>Smith</u>, 2008 U.S.
Dist. LEXIS 33994, at *8 ("[B]ecause Defendant has not shown a
particularized need to disclose grand jury transcripts, the Court

2

need not balance his need against the policy reasons for grand jury secrecy.").

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to obtain grand jury transcripts.