E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MATT COE-ODESS (Cal. Bar No. 313082)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8957
     E-mail:   matt.coe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00498-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO CHANGE VENUE |
| v. | Hearing Date: September 26, 2024 |
| YAN SUI, | Hearing Time: 10:30 a.m. |
| Defendant. | Location:   Courtroom of the Hon. John A. Kronstadt |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Matt Coe-Odess, hereby files its Opposition to Defendant's Motion for Change of Venue Pursuant to Federal Rule of Criminal Procedure 21 to District Court in Santa Ana (Dkt. 14).

//

//

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 19, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


          /s/
MATT COE-ODESS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant's motion to change venue to the Southern Division of the Central District of California appears to be based primarily on his assertion that the Honorable Judge Kronstadt "has prejudice against [him]."  (Motion at 3.)  But this is not a valid legal reason to change venue.  Moreover, as reflected in the order transferring this related case back to this Court, judicial efficiency and the prompt administration of justice favor adjudicating this case in the Western Division, specifically in front of this Court, which has extensive knowledge of the relevant facts from a related case involving the defendant and potential witnesses that dates back over a decade.  For these reasons, defendant's motion should be denied.[1]

**II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

**A.  Bankruptcy Proceeding**

On July 27, 2011, defendant filed a voluntary Chapter 7 petition.  See 8:11-bk-20448-SC.  Richard A. Marshack ("Trustee") was the duly appointed and acting Chapter 7 Trustee.

On June 4, 2015, the Court entered an order granting Trustee's motion for an order authorizing the sale of real property ("Sale Order") at 2176 Pacific Avenue #C, Costa Mesa, California ("Property").  (Dkt. 357).  The Ninth Circuit Bankruptcy Appellate Panel ("BAP") dismissed Debtor's appeal of the Sale Order as moot on

---

[1] Defendant's motion seeks to change venue "to the District Court in Santa Ana" pursuant to Federal Rule of Criminal Procedure 21.  Because the Santa Ana District Court and Los Angeles District Court are both in the Central District of California, the government interprets defendant's request to change venue pursuant to be made pursuant to Rule 18, which governs the place of trial within a district.

July 29, 2015, as did the Ninth Circuit on June 9, 2017. (Dkt. 377 and 535).

### B. Civil Litigation Proceeding

On October 15, 2013, defendant Sui (and co-plaintiff Pei Yu Yang) filed a civil complaint against the Trustee and others, for various claims allegedly arising out of the bankruptcy proceedings. The case was assigned to Judge Kronstadt. See 8:13-cv-01607-JAK-KES. On April 10, 2015, the defendant's claims were dismissed. (Dkt. 152).

Despite the dismissal, defendant Sui and Yang continued to file appeals and various motions, and on April 5, 2018, this Court deemed defendant Sui (and Yang) to be a vexatious litigant. (Dkt. 248). Despite being designated as a vexatious litigant, defendant Sui continued to file motions. (Dkt. 249, 251, 252, 262, 263, 266, 275-280, 283, 286, 294).

### C. Barton Orders in Bankruptcy Proceeding

On February 4, 2022, the Bankruptcy Court entered an order which prohibited defendant Sui (and Yang) from suing the Trustee and/or his retained professionals without first obtaining consent from the Bankruptcy Court. (8:11-bk-20448-SC, Dkt. 724). On August 25, 2022, the Bankruptcy issued a second order (the "Barton Order") which stated that defendant Sui and his wife were "prohibited from filing pleadings in non-bankruptcy forums without first complying with the Barton doctrine,[2] which shall apply to both Trustee and his retained professionals." (Dkt. 924).

---

[2] The Barton doctrine requires that "leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee for the acts done in the
*(footnote cont'd on next page)*

**D.   Defendant Sui Violates the Barton Orders**

On at least three separate occasions – September 20, 2022, September 25, 2022, and September 26, 2022 – defendant Sui filed pleadings in non-bankruptcy forums against the Trustee and his retained professionals without first obtaining permission from the bankruptcy court.

On September 20, 2022, defendant Sui attempted to file a "Complaint to Recover Real Property and for Damages . . ." ("District Court Complaint") in the District Court for the Central District of California.  The District Court Complaint sought to assert sixteen claims for relief, including civil and criminal claims, and named the Trustee and his general counsel as defendants.  The next day, in District Court Case No. 8:13-cv-01607-JAK-KES, the District Court entered a "Notice and Order Re Filing by Vexatious Litigant" ("Order Re District Court Complaint"), which ordered that the District Court Complaint not be filed based on the District Court's prefiling order. (Dkt. 277.)

On September 25, 2022, defendant Sui attempted to file in the District Court a "Motion for Order that Qui Tam Complaint Be Filed" ("Qui Tam Motion"), seeking an order that the District Court Complaint be filed.  The next day, in District Court Case No. 8:13-cv-01607-JAK-KES, the District Court entered a "Notice and Order Re Filing by Vexatious Litigant" ("Order Re Qui Tam Motion"), which ordered that the Qui Tam Motion not be filed based on the District Court's prefiling order.  (Dkt. 279.)

---

trustee's official capacity and within the trustee's authority as an officer of the court."  ACE Insurance Co., Ltd. v. Smith (In re BCE West, L.P.), 2006 WL 8422206, *2 (D. Ariz. Sept. 20, 2006) (quoting In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993), Barton v. Barbour, 104 U.S. 126 (1881)).

On September 26, 2022, defendant Sui either filed or attempted to file a second "Complaint to Recover Real Property and for Damages" ("Second OCSC Complaint") in the Orange County Superior Court, naming the Trustee and his general counsel as defendants in the complaint containing nine claims for relief.

### E.  Criminal Contempt Charges

On August 16, 2024, a grand jury charged defendant in an indictment with three counts of criminal contempt in violation of 18 U.S.C. § 401(3).  (CRIM CASE NO., Dkt. 1).  The indictment alleges that on the three separate occasions described above – on September 20, 2022, September 25, 2022, and September 26, 2022 – the defendant willfully and knowingly disobeyed definite orders issued by the United States Bankruptcy Court in the Central District of California which prohibited defendant from filing pleadings in non-bankruptcy forums against the bankruptcy trustee and his retained professionals without first obtaining permission from the bankruptcy court.

## III. LEGAL STANDARD

"[T]he government must prosecute an offense in the district where the offense was committed."  Fed. R. Crim. P. 18 (emphasis added).  "The Court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice."  Id.

A defendant does not have a right to be tried in a particular division.  Carillo v. Squier, 137 F.2d 648, 648-49 (9th Cir. 1943).  The Constitution only requires that a defendant be tried in the state and district where the conduct occurred.  U.S. Const. amend 6.  A District Judge has broad discretion in determining where within a district a trial will be held.  See United States v. Stanko, 528 F.3d

4

581, 584 (8th Cir. 2008) ("A district judge has broad discretion in determining where within a district a trial will be held . . . ."); see also United States v. Alvarado, 647 F.2d 537, 539 (5th Cir. 1981) ("In criminal actions, the constitutional unit of venue is the district, not the division" and "the trial judge has broad discretion in determining whether transfer is warranted.")

## IV.   ARGUMENT

Defendant's motion should be denied.  He is properly charged in the district where he committed his crimes.  Beyond alleging that the presiding judge is prejudiced against him, defendant also fails to state any particular and specific prejudice he would suffer from a trial occurring in the Western Division rather than the Southern Division.  Although the Southern Division may be a more convenient venue for defendant, the prompt administration of justice supports keeping this case in the Western Division, where the offense conduct occurred.  Transferring this matter to a different division would be a waste of judicial resources, as it would require a new judge to get up to speed on the lengthy history of litigation regarding this defendant and potential witnesses.  Because the prompt administration of justice supports this case staying in the Western Division, defendant's motion should be denied.

## V.   CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny defendant's motion to change venue.